## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,               Civil Action No.:
                                  Honorable:

v.

                                  COMPLAINT AND JURY
                                  TRIAL DEMAND

PRETIUM PACKAGING, LLC.,

        Defendant.

_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Jonelle Tooman ("Tooman") and other similarly aggrieved female applicants who were adversely affected by such

1

practices. As alleged with greater particularity in paragraphs 14-18 below, the EEOC alleges that Defendant, Pretium Packaging, LLC. ("Defendant"), refused to promote or hire qualified females as machine operators in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3.     Plaintiff Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Section 706(f)(1) and (3) of

Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all times, Defendant has continuously been a company incorporated under the laws of the State of Ohio, doing business in the city of Leipsic, Ohio, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than 30 days prior to the institution of this lawsuit, Tooman filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.     On March 15, 2022, the Commission issued to Defendant a Letter of Determination regarding Tooman's charge, found reasonable cause that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

3

8.     The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Tooman's charge of discrimination.

10.     On June 30, 2022, the Commission issued a Notice of Failure of Conciliation to Defendant.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## TITLE VII

12.     Since at least January of 2017 through at least the filing of Tooman's charge of discrimination in January of 2020, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant maintained a policy that no females were to be hired or promoted to the machine operator position.

13.     Defendant acquired its Leipsic, Ohio location in early 2017

from Patrick's Products.

14.   From 1999 to 2017, Patrick's Products maintained a discriminatory policy that no females were permitted to work the machine operator position.

15.   There were no female machine operators at the Leipsic, Ohio location between 1999 and 2017.

16.   Between 1999 and 2017, female employees who expressed interest in being promoted to the machine operator position were told they could not apply because female operators were not permitted.

17.   Defendant, the successor of Patrick's, continued the discriminatory policy of not hiring or promoting females to the machine operator position from its acquisition of the Leipsic, Ohio facility in early 2017 up to at least the filing of Tooman's January 2020 charge of discrimination. During that time period:

a.   Defendant failed to interview any females for the machine operator position.

b.    Defendant failed to hire any females to the machine operator position.

c.   Over half of the employees who worked for Defendant as

5

packers were female.

    d.    Zero female packers were promoted to machine operator.

    e.    At least nine (9) male packers were promoted to machine operator.

    f.    Some of the male packers promoted to machine operator had little to no experience operating machines.

    g.    Female employees who expressed interest in the machine operator position were deterred from applying for the position and/or told they could not apply because Defendant did not employ female operators.

    h.    Defendant did not require applicants to have prior machine-operating experience and Defendant sought to hire males right out of school and train them.

    i.    Male packers were promoted to machine operator over female machine operators who had more experience as packers and superior qualifications.

    j.    Tooman was employed as a packer from 2008 to 2013 and was re-hired as a packer in 2016.

    k.    Tooman applied for a machine operator position at least

6

three times between May of 2019 and January of 2020. At least one other female packer applied for a machine operator during the same period.

l. Per company policy as stated by the plant manager, all internal applicants were supposed to be interviewed.

m. Neither Tooman nor the other female packer(s) who applied were selected for an interview.

n. Male packers who were promoted or hired to machine operator positions were less qualified than Tooman and other female packer(s).

o. Defendant routinely hired external male applicants to the machine operator position.

p. At least 19 external male applicants were hired as machine operators.

q. No external female applicants were interviewed or hired.

r. Males promoted or directly hired to the machine operator position were less qualified than Tooman and some external female applicants.

18. In violation of Title VII and 29 C.F.R. § 1602.14, Defendant

has failed since 2017 to maintain personnel records, including

applications submitted for machine operator positions, as well as

other records related to hiring and promotion.

19.    The effect of the practices complained of in paragraphs 14

through 18 above has been to deprive Tooman and other female

employees, applicants and/or potential applicants of equal

employment opportunities and otherwise adversely effect their status

as employees because of their sex.

20.    The unlawful employment practices complained of in

paragraphs 14 through 18 above were and are intentional.

21.    The unlawful employment practices complained of above

were and are done with reckless indifference to the federally

protected rights of Tooman and other female employees, applicants

and/or potential applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    GRANT a permanent injunction enjoining Defendant

Employer, its officers, successors, assigns, and all persons in active

concert or participation with it, from engaging in employment

practices that discriminate on the basis of sex, such as refusing to promote female employees or hire female applicants;

B.    ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C.    ORDER Defendant Employer to make whole Tooman and other similarly aggrieved women by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 14 through 18 above, in amounts to be determined at trial;

D.    ORDER Defendant Employer to make whole Tooman and other similarly aggrieved women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 14 through 18, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.    ORDER Defendant Employer to pay Tooman and other

similarly aggrieved women punitive damages for its malicious and reckless conduct described in paragraphs 14 through 18 above, in amounts to be proven at trial;

F.     ORDER Defendant employer to make whole Tooman and other similarly aggrieved women by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.     ORDER Defendant to advertise, at Defendant's expense, to identify presently unidentified female applicants and/or deterred applicants.

H.     ORDER Defendant to make whole the class of female applicants and deterred female applicants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

I.     ORDER Defendant to make whole the class of female applicants and deterred female applicants by providing compensation for past and future pecuniary losses resulting from the unlawful

10

employment practices described in paragraphs 14-18 above in amounts to be determined at trial.

J.    ORDER Defendant to make whole the class of female applicants and deterred female applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 14-18 above, including but not limited to emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

K.    ORDER Defendant to make whole the class of female applicants and deterred female applicants by providing punitive damages for Defendants' malicious and reckless conduct, as described in paragraphs 14-18 above, in amounts to be determined at trial.

L.    GRANT such further relief as the Court deems necessary and proper in the public interest.

M.    AWARD the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

11

Respectfully submitted,


_____/s/ Miles L. Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 774-0015

September 27, 2022

12